**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 19-7899

UNITED STATES OF AMERICA,

   Plaintiff - Appellee,

 v.

NATHANIEL WATKINS,

   Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria.  Claude M. Hilton, Senior District Judge.  (1:90-cr-00260-CMH-2)

Submitted:  September 21, 2023          Decided:  October 5, 2023

Before NIEMEYER and KING, Circuit Judges, and MOTZ, Senior Circuit Judge.

Vacated and remanded by unpublished per curiam opinion.

**ON BRIEF:** Geremy C. Kamens, Federal Public Defender, Frances H. Pratt, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Alexandria, Virginia, for Appellant.  G. Zachary Terwilliger, United States Attorney, Alexandria, Virginia, Richard D. Cooke, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Richmond, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Nathaniel Watkins appeals the district court's orders denying his motion for a sentence reduction under 18 U.S.C. § 3582(c)(1)(B), and § 404(b) of the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, 5222, and denying reconsideration. For the reasons explained below, we vacate the district court's orders and remand.

In 1990, a jury in the Eastern District of Virginia convicted Watkins of more than 20 offenses, including several drug offenses involving crack cocaine and engaging in a continuing criminal enterprise (the "CCE offense"), in violation of 21 U.S.C. § 848(a), (c). Watkins' presentence report grouped all of his offenses and calculated a Sentencing Guidelines range of life imprisonment under the then-mandatory Guidelines. The district court adopted the presentence report and sentenced Watkins to concurrent terms of life in prison for two of the drug offenses and the CCE offense plus lesser concurrent terms of imprisonment for the balance of the convictions.

By way of his First Step Act motion, Watkins sought to reduce his total sentence to 360 months' imprisonment. While at least some of Watkins' drug offenses, including those for which he received life sentences, are "covered offense[s]" for purposes of the First Step Act, § 404(a), 132 Stat. at 5222—meaning Watkins' sentences for those offenses could be reduced—the district court ruled that Watkins was not eligible for a sentence reduction at all because he received a life sentence for the CCE offense, which is not a "covered offense." *See United States v. Thomas*, 32 F.4th 420, 426-30 (4th Cir. 2022) (holding that CCE offense is not "covered offense"). The district court adhered to its ineligibility ruling in denying Watkins' reconsideration motion.

On appeal, Watkins maintains that he was convicted of several "covered offense[s]" and that the district court had the authority to reduce his life sentence for the CCE offense under the sentencing package doctrine.[*] *See United States v. Ventura*, 864 F.3d 301, 309 (4th Cir. 2017) (explaining sentencing package doctrine).  Watkins also points out, in a Fed. R. App. P. 28(j) letter, that the Government recently conceded in another case that the sentencing package doctrine applies to First Step Act proceedings.  *See United States v. Wood*, No. 20-6508, 2023 WL 4888872, at *3 (4th Cir. Aug. 1, 2023) (accepting Government's concession that sentencing package doctrine applies to First Step Act proceedings for purposes of that decision only).  In response to Watkins' Rule 28(j) letter, the Government acknowledges that Watkins was convicted of "covered offense[s]" and that the district court could have "revisit[ed]" Watkins' life sentence for the CCE offense because Watkins' "covered offenses were grouped with the [CCE offense], and the sentences formed a sentencing package."  Response to Fed. R. App. P. 28(j) letter at 2, *United States v. Watkins*, No. 19-7899 (4th Cir. Sept. 18, 2023), ECF No. 28.

Because the Government's concession on appeal undermines the district court's ineligibility ruling, we vacate the district court's orders denying Watkins' First Step Act motion and denying reconsideration and remand for further proceedings.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*VACATED AND REMANDED*

---

[*] Our decision in *Thomas* defeats Watkins' only other appellate contention, i.e., that the CCE offense is a "covered offense."